IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM CAUDILL,

        Petitioner,

vs.                                                                                No. C.V. 98-448 SC/LFG

TIM LeMASTER,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner William Caudill ("Caudill"), currently confined, challenges the judgment and sentence entered February 15, 1995 by the Eleventh Judicial District Court in *State v. Caudill*, No. Cr-94-154 (County of McKinley, New Mexico). (Answer, filed May 26, 1998, Ex. A). Caudill pled guilty to larceny and disposing of stolen property over $250, in violation of NMSA 1978 § 30-16-1 and § 30-16-11, a fourth-degree felony. Caudill's plea and disposition agreement was made part of the judgment and sentence. Caudill was given a suspended sentence of three years, followed by one year of parole. The State agreed not to file habitual proceedings unless Caudill violated the terms and conditions of probation.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Caudill violated various conditions of his probation and motions to revoke probation and to impose suspended sentence were filed August 21, 1995, August 23, 1995 and December 8, 1995. On February 6, 1996, the court revoked the probation and imposed the three-year sentence. On April 24, 1996, the State filed a supplemental information charging Caudill as a habitual offender. On May 22, 1996, the court issued an Amended Judgment and Sentence. The court found that Caudill had three prior felony convictions. His sentence was increased by sixteen years. Caudill was given a total sentence of nineteen years. (Answer, Ex. F). A year later, Caudill moved to withdraw his plea. (Answer, Ex. C). The court denied his request. (Answer, Ex. D). Caudill filed his first state habeas alleging ineffective assistance of counsel. (Answer, Ex. E), and his petition was denied. (Answer, Ex. G). He filed a petition for writ of certiorari. On December 3, 1997, he filed his second habeas challenging the sufficiency of the evidence. (Answer, Ex. H). The petition was denied (Answer, Ex. I). Caudill was denied further review by the New Mexico Supreme Court. (Answer, Ex. J-M).

2. Caudill presents the following grounds for federal habeas review:

Ground One: Whether there was sufficient evidence to support a conviction for larceny and receiving stolen property.

Ground Two: Ineffective assistance of counsel

3. As a threshold matter, the Court must determine whether Caudill meets the exhaustion requirements of Section 2254. Respondent concedes, and this Court finds, that Caudill has exhausted his claims.

4. The Court is mindful of the changes AEDPA made to the standard of review a federal habeas court must use when assessing a state court's adjudication. AEDPA provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of

a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U.S.C. §2254(d)(1) and (2). AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms, and, as a result, there is a split among circuits construing this section.

There is a consensus that the standard is much stricter under AEDPA and that greater deference is given state court determinations. The question among circuits is how much deference must a federal court accord a state court decision. Some circuits have held that AEDPA imposes a standard of almost complete deference. *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *pet. cert. filed* (August 17, 1998)(No. 98-6528); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), cert. Denied, 117 S. Ct. 1114 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998). Other courts have held that the level of deference cannot be so deferential as to interfere with the federal court's power to decide cases. *See O'Brien v. Dubois*, 145 F.3d 16 (1st Cir. 1998).

Our circuit employed the standard set forth by *Drinkard* in *White v. Scott*, 141 F.3d 1187 (table), 1998 WL 165162 (10th Cir. April 9. 1998)(No. 97-628). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> [A]n application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*Id.*, 97 F.3d at 769.

Finally, state factual findings, including credibility determinations, are given the presumption of correctness absent a showing by clear and convincing evidence that the presumption does not apply. 28 U.S.C. § 2254(e)(1); *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

5. On May 26, 1998, Respondent filed a Motion to Dismiss with prejudice. Caudill filed a response on June 22, 1998. Respondent contends that the sufficiency of the evidence claim is subject to summary dismissal because of the deference owed to the state court's rejection of this claim. Respondent submits that the state court's determination was correct and was based on a reasonable application of law to facts.

6. The lack of a factual basis for a state plea is not a federal constitutional claim. *See Sena v. Romero*, 617 F.2d 579, 581 (10th Cir. 1980); *Freeman v. Page*, 443 F.2d 493, 495 (10th Cir.), *cert. denied*, 404 U.S. 1001 (1971). Caudill's first ground is without merit. It was waived by his guilty plea. *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987).

7. Caudill also challenges the adequacy of his attorney's representation. Examples of counsel's inadequacies include: he did not allow exonerating testimony at the preliminary hearing; did not allow petitioner the opportunity to testify; failed to produce favorable evidence; failed to properly investigate the charges; threatened Lori Miles with exposure; and he urged his client to take a plea agreement that he said would carry no habitual charges.

8. Respondent moves to dismiss this claim based on procedural default. Respondent states that, while Caudill did raise the issue through his first habeas petition, he did not seek further review. In addition, Respondent argues that by applying the AEDPA standard of review to the claim, it should be dismissed.

9. Caudill failed to timely appeal his ineffective assistance of counsel claim to the state's highest court, and, likewise, has not shown cause for not seeking review. Accordingly, the Court finds his claim is procedurally defaulted.

10. Assuming, arguendo, that the claim had not been defaulted, to state a claim for ineffective assistance of counsel, Caudill "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that he was prejudiced by his counsel's ineffectiveness, meaning that he "must show that here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the context of a guilty plea, this means showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

11. In the instant action, Caudill signed and dated his plea and disposition agreement, and was present during and participated in his February 15, 1995 sentencing.

12. Solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Responses in a plea hearing are subject to challenge, but they constitute a formidable barrier in any subsequent proceedings.

13. Counsel negotiated a favorable plea agreement whereby, instead of prison time, Caudill was placed on probation and the State agreed not to file habitual proceedings. All that was required of Caudill was not to violate his probation. Indeed, the plea agreement incorporated into the Judgment and Sentence put Caudill on notice of the consequence of violating his probation. Caudill "has, by his own hand, defeated his expectation of finality." *Montoya v. State of New Mexico*, 55 F.3d

1496, 1499 (10th Cir. 1995)(quoting *United States v. Welch*, 928 F.2d 915, 917 (10th Cir.), *cert. denied*, 502 U.S. 850 (1991). Indeed, he found no fault in the plea agreement for over a year. It was not until he violated the agreement that he found it defective. Caudill violated his probation and now serves the nineteen years his attorney negotiated he not serve. Caudill has not shown that trial counsel fell below an objective standard of reasonableness or that his representation prejudiced him.

**Recommended Disposition**

That Respondent's Motion to Dismiss be granted and the matter be dismissed with prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge

PETITIONER:
William T. Caudill, pro se

COUNSEL FOR RESPONDENT:
Margaret E. McLean, Esq.